ADAMS, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CARNELL ROBERTS, | CASE NO. 1:09CV2515 |
| Petitioner, | |
| | JUDGE JOHN R. ADAMS |
| v. | |
| | MEMORANDUM OF OPINION |
| UNITED STATES OF AMERICA, | AND ORDER |
| Respondent. | |

This matter came before the Court on a petition to vacate, set aside, or amend sentence filed pursuant to 28 U.S.C. § 2255 by Petitioner Carnell Roberts. The motion is DENIED.

Roberts filed his petition on October 27, 2009. This Court granted him leave, and Roberts filed his memorandum in support of the petition on December 3, 2009. The Government responded in opposition on December 14, 2009. In the petition, Roberts purports that three grounds justify relief. However, each ground is simply a variation of the same argument. Roberts contends that his counsel was ineffective for failing to argue that his prior convictions should have been treated as a single offense for the purpose of calculating his criminal history. Roberts' argument fails in several ways.

First, the Government is correct that Roberts waived his right to challenge the Court's sentencing calculations. Bootstrapping a Guidelines argument to an ineffective assistance of

counsel claim is insufficient to avoid this waiver.  Moreover, given the Court's thorough colloquy, it is convinced that the waiver was knowing and voluntary.

Ignoring this waiver, the Court notes that it is highly unlikely that Roberts' claims are cognizable in a § 2255 proceeding.

> A brief consideration of the policy underlying collateral review demonstrates that nonconstitutional errors, such as mistakes in the application of the sentencing guidelines, will rarely, if ever, warrant relief from the consequences of waiver. Given society's substantial interest in the finality of judgments, only the most serious defects in the trial process will merit relief outside of the normal appellate system. Hence, when a federal statute, but not the Constitution, is the basis for postconviction attack, collateral relief from a defaulted claim of error is appropriate only where there has been fundamental unfairness, or what amounts to a breakdown of the trial process. *Reed*, 512 U.S. at 353-54.
>
> Accordingly, nonconstitutional errors ordinarily are not cognizable on collateral review.  Defendants must assert their claims in the ordinary course of trial and direct appeal. If claims have been forfeited by virtue of ineffective assistance of counsel, then relief under § 2255 would be available subject to the standard of *Strickland v. Washington*, 466 U.S. 668 (1984). In those rare instances where the defaulted claim is of an error not ordinarily cognizable or constitutional error, but the error is committed in a context that is so positively outrageous as to indicate a "complete miscarriage of justice," it seems to us that what really is being asserted is a violation of due process. Thus, as a practical matter, collateral relief does exist to vindicate rights of constitutional import that may lurk beneath otherwise garden-variety issues of statutory rights or guideline calculations.

*Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996).  Given the above, it is highly unlikely that Robert's "garden-variety" challenge to the Guidelines calculation by this Court can be litigated in a § 2255 proceeding.

Finally, Roberts' petition fails on the merits.   To be successful, Roberts must demonstrate that his trial counsel was ineffective.  The standard for ineffective assistance of counsel is the two-part test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). First, Roberts must show that his counsel's performance was deficient.  *Id.* at 687.   Counsel must

not merely have erred, but erred so "serious[ly] that counsel was not functioning as the 'counsel' guaranteed ... by the Sixth Amendment." *Id*. Second, Roberts must show that his counsel's deficient performance actually prejudiced his defense. *Id.* Roberts cannot demonstrate either prong.

Roberts' sole argument focuses upon his counsel's alleged failure to argue that two of his convictions should be treated as related cases due to the fact that there was no intervening arrest between the offenses. Roberts' ignores that his counsel made this precise argument: "In the alternative, Defendant ROBERTS argues that these sentences should be considered as related cases pursuant to U.S.S.G. § 4A1.2, app. N. 3, since they were offenses that were **not** separated by an intervening arrest and were ultimately consolidated for sentencing." Defendant's sentencing memorandum, Doc. 54 at 2. As such, Roberts' contention that his counsel failed to learn the facts of these offenses or present argument to the Court is unfounded.

Furthermore, Roberts' substantive argument is incorrect. U.S.S.G. § 4A1.2(a)(2) provides in pertinent part as follows:

> If the defendant has multiple prior sentences, determine whether those sentences are counted separately or as a single sentence. Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day.

Contrary to his counsel's contention, his prior offenses were not consolidated for the purposes of sentencing. In Case CR95 325314, Roberts was indicted in June 1995 and sentenced on October 13, 1995. In Case CR95 328724, Roberts was indicted in October 1995 and sentenced on November 14, 1995. In the latter case, Roberts' sentence was ordered to run consecutive to his

sentence in the earlier matter.   As such, Roberts' offenses do not qualify as related offenses under § 4A1.2(a)(2).   Thus, he has failed to demonstrate any error in his sentencing.

The petition to vacate is DENIED.   Pursuant to 28 U.S.C § 1915(a)(3), the Court certifies that Roberts may not take an appeal from the Court's decision in good faith, and that there is no basis upon which to issue a certificate of appealability.   28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

  December 30, 2009                        /s/   John R. Adams
Date                                           John R. Adams
                                                 U.S. District Judge